## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DIYA AHMAD & NORTH COMMUNICATIONS, INC. d/b/a SUPER QUICK COMMUNICATIONS, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 23-cv-04631 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| STARR INDEMNITY & LIABILITY COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Diya Ahmad & North Communications, Inc. d/b/a Super Quick Communications ("Super Quick") bring a two-count complaint against defendant Starr Indemnity & Liability Company ("Starr") alleging (1) breach of contract and (2) violation of the Illinois Insurance Code, 215 ILCS 5/155. Before the Court is Starr's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Starr's motion [10] and dismisses Plaintiffs' complaint without prejudice.

### BACKGROUND

**I.      Plaintiffs' Insurance Dispute**

The following allegations are taken as true for present purposes. Ahmad is the operator of Super Quick, which is a cell phone and electronics retailer in Chicago, Illinois. (Dkt. 1-2, ¶ 2.) Starr is a Texas insurance company that insured Ahmad under a "Businessowners Policy." (*Id.* ¶¶ 3-4.) Ahmad's policy was applicable from August 12, 2014 through August 12, 2015. (*Id.* ¶ 4.) Plaintiffs together allege that Starr failed to provide insurance coverage after Super Quick suffered a series of thefts on August 18, 2014; April 12, 2015; and May 4, 2015. (*Id.* ¶¶ 5-8.)

The insurance policy at issue[1] covers "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss" including "the buildings and structures at the premises described in the Declarations." (Dkt. 10-3 at 20.) The policy also includes a section on legal actions arising from the "Property Loss Conditions" section and related Illinois modifications:

**4. Legal Action Against Us**

No one may bring a legal action against us under this insurance unless:

> a. There has been full compliance with all of the terms of this insurance; and
> b. The action is brought within two years after the date on which the direct physical loss or damage occurred.

* * *

**3.** The following is added to Paragraph E.4. **Legal Action Against Us** Property Loss Condition:

> The two year period for legal action against us is extended by the number of days between the date the proof of loss is filed with us and the date we deny the claim in whole or in part.

(*Id.* at 41, 11.)

Plaintiffs allege that they suffered losses in the aggregate amount of $162,943.00 due to thefts of Plaintiffs' inventory over the dates listed above. (Dkt. 1-2, ¶¶ 5-8.) Plaintiffs allege that they timely notified Starr of each loss, though Plaintiffs do not state when they notified Starr of each loss. (*Id.* ¶ 9.) Plaintiffs also do not allege when Starr denied the insurance claims, noting only that Starr "ultimately refused to replace [sic] Plaintiffs for the stolen inventory." (*Id.* ¶ 10.) Plaintiffs further claim that Starr was unreasonable in refusing to pay their claim "in one or more of the

---

[1] Starr attaches the insurance policy to its motion to dismiss. Since Plaintiffs do not dispute the authenticity of that contract, and since it is referenced in and central to their complaint, the Court will consider it without converting Starr's motion into a motion for summary judgment. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (describing that rule as "a narrow exception aimed at cases interpreting, for example, a contract.").

following respects: (a) fail[ing] to conduct a proper and thorough investigation into the facts and circumstances giving rise to the loss of Plaintiff's covered property; (b) fail[ing] to adequately and properly assess the value of the loss of the Plaintiff's covered property." (*Id.* ¶ 14.)

## II. Procedural Posture

Plaintiffs brought this case in the Circuit Court of Cook County more than four years ago, on August 19, 2019. (*See* Dkt. 1-1.) The case was dismissed for want of prosecution on November 2, 2022. (*Id.*) Plaintiffs successfully moved the Cook County court to vacate that dismissal, and they filed a First Amended Complaint on May 30, 2023. (*Id.*) Starr removed to this Court on July 18, 2023, and filed the present motion on August 24, 2023. (*Id.*) Plaintiffs never responded, and have never filed anything on the docket, though Plaintiffs' counsel did apparently agree to Starr's extension of time to respond to Plaintiffs' complaint. (*See* Dkt. 6.)

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**DISCUSSION**

    I.    **Statute of Limitations**

      Starr argues that Plaintiffs' claims are barred by the statute of limitations provided in the insurance contract. Starr is right that "if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). But the Seventh Circuit has cautioned district courts on this approach. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Id.* (citing *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) (reversing dismissal because, "at this stage, the question is only whether there is any set of facts that if proven would establish a defense to the statute of limitations, and that possibility exists" (citation omitted)); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 80 (7th Cir. 1992) ("[W]hen a complaint is dismissed at the pleadings stage the question is not what are the facts, but is there a set of facts that if proved would show that the case had merit?")).

      Here, the insurance policy provides a statute of limitations of two years on claims arising from the contract. *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 107, 134 S. Ct. 604, 611, 187 L. Ed. 2d 529 (2013) ("[I]n the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.") (quoting *Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586, 608, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947)). Starr argues that Plaintiffs' complaint must fail because their initial lawsuit was filed more than two years after each of Plaintiffs' theft-based

claims. Plaintiffs allegedly made their latest theft claim on May 4, 2015, but did not file their original complaint until August 19, 2019.

Another portion of the insurance policy, however, complicates this seemingly simple case: "The two year period for legal action against [Starr] is extended by the number of days between the date the proof of loss is filed with [Starr] and the date [Starr] den[ies] the claim in whole or in part." (Dkt. 10-3 at 11.) Plaintiffs do not allege when Starr denied their various claims. Indeed, aside from the dates of the alleged thefts, Plaintiffs' complaint does not provide any relevant dates. Plaintiffs claim only that they "timely notified Defendant of each loss," and that "ultimately [Starr] refused" to pay their claims. (Dkt. 1-1, ¶¶ 9-10.)

Further complicating this analysis, Plaintiffs did not respond to Starr's motion to dismiss. Although the Court will not dismiss Plaintiffs' complaint on those grounds alone, *Marcure v. Lynn*, 992 F.3d 625, 631–32 (7th Cir. 2021), Plaintiffs' failure to respond operates as a waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument ... results in waiver," and "silence leaves us to conclude" a concession). Still, Plaintiffs "need not plead around affirmative defenses, and, at this stage of the case, it's not obvious that [their] claim is time-barred." *Malek v. Malek*, No. 19 CV 8076, 2020 WL 6075871, at *6 (N.D. Ill. Oct. 15, 2020) (Shah, J.) (citation omitted). The question at this stage is whether any set of facts would show Plaintiffs' claims had merit. *Early*, 959 F.2d at 80. Plaintiffs' complaint does not foreclose the possibility that Starr took a long time to deny their claims after they initially filed their proofs of loss. In that case, the contractual limitations period would be "extended by the number of days between" the filings and Starrs' denials. (Dkt. 10-3 at 11.) Since it is possible that further factual development could show that Plaintiffs' claims are timely, the Court rejects Starr's first argument to dismiss the complaint at this stage.

5

## II.     Section 155 and The Underlying Contract

Starr's second argument is that Plaintiffs' claim under Section 155 of the Illinois Insurance Code, 215 ILCS 5/155, fails because it depends on the breach of contract claim, which is barred by the statute of limitations. Since the Court rejects the statute-of-limitations argument at this point, the Court also rejects Starr's second argument.

## III.    Failure to State a Claim

Starr also argues that Plaintiffs fail to state a claim under Section 155 of the Illinois Insurance Code, 215 ILCS 5/155. Plaintiffs again concede Starr's arguments by failing to respond to them. *See Bonte*, 624 F.3d at 466. Those arguments are well taken. Section 155 permits parties to seek attorneys' fees and costs where "it appears to the court that [delay in settling a claim] is vexatious and unreasonable." 215 ILCS 5/155(1). "Simply pleading that [an insurer] knowingly and intentionally refused to provide insurance coverage and that [the insurer's] refusal 'was and continues to be vexatious and unreasonable,' without some modicum of factual support, is insufficient to plausibly suggest that [the insured] is entitled to relief under the statute." *Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *2 (N.D. Ill. Sept. 10, 2007) (Kendall, J.). That is all that Plaintiffs plead here.

The body of Plaintiffs' complaint says nothing in its nine paragraphs about Starr's supposed delay or unreasonableness in settling their claim. Plaintiffs' first accusation of any delay or unreasonableness comes in Count II, under which Plaintiffs merely allege that Starr acted unreasonably in "one or more of the following respects," and include multiple conclusory statements. (Dkt. 1-2, ¶¶ 14-16.) These allegations are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Therefore, the Court grants Starr's motion to dismiss Count II of Plaintiffs' complaint.

### IV.    Failure to Prosecute

As explained above, Plaintiffs' failure to respond alone does not warrant dismissal of their remaining breach of contract claim (Count I).  And even though Plaintiffs concede Starr's legal arguments, Starr has not shown that no set of facts could save Plaintiffs' claims from a statute-of-limitations affirmative defense.  In this case, however, Plaintiffs' failure to respond is more egregious than ordinary carelessness.  "In *Bolt v. Loy*, [the Seventh Circuit] listed 'three possible grounds for dismissing a suit because a response' is overdue: (1) the nonmovant's action evinces intent to abandon suit; (2) there is failure to prosecute; or (3) dismissal is a sanction for the nonmovant's inaction. … Under any of those grounds, the lack of response alone is insufficient—the district court must construe the lack of response as indicating an intent to abandon suit or as meriting a sanction." *Marcure*, 992 F.3d at 631 (citing *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000)).  Courts considering such a dismissal may do so "only after a warning *and* after the [Court] determines that dismissal is an appropriate sanction in the circumstances," which "requires [the Court] to consider the gravity of the misconduct, the prejudice if any to the defendant, and whether the suit has any possible merit (if not, there is no reason to keep it alive)." *Bolt*, 227 F.3d at 856.

This case was filed more than four years ago, based on alleged harms from nearly a decade ago.  The case was already dismissed once in another court because Plaintiffs failed to prosecute it. In this Court, Plaintiffs have not filed a single entry on the docket, including in the five months since Starr moved to dismiss Plaintiffs' complaint in its entirety.  Ironically, Plaintiffs' delay in prosecuting this case may be the only thing preventing its dismissal for being filed too late.  Starr is undoubtedly prejudiced by Plaintiffs' delay; it has been defending this case at the pleading stage for over four years.  And the Court is skeptical of this suit's possible merit, at least based on the documents presented so far.  Plaintiffs may have reasons for their apparent disregard for this case and prejudice to the defendants, but they have not presented any.  With all these considerations in

mind, the Court dismisses Plaintiffs' remaining claim (Count I) without prejudice for their failure to prosecute it.

**CONCLUSION**

For these reasons, the Court grants Starr's motion and dismisses Plaintiffs' complaint without prejudice. Plaintiffs are granted leave to amend the complaint within 14 days if they have a good faith basis for believing they can cure the pleading deficiencies identified in this opinion. If Plaintiffs do not file their amended complaint within 14 days from the date of this Order, Plaintiffs' case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 1/17/2024

Entered:

SHARON JOHNSON COLEMAN
United States District Judge

8